**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**OXFORD DIVISION**

**DIONE M. THOMAS**                                                                 **PLAINTIFF**

**v.**                                                    **CIVIL ACTION NO. 3:21-cv-73-JMV**

**COMMISSIONER OF**
**SOCIAL SECURITY**                                                                **DEFENDANT**

## <u>ORDER</u>

This matter is before the court on Plaintiff's complaint [1] for judicial review of the Commissioner of the Social Security Administration's denial of an application for supplemental security income and disability insurance benefits. The undersigned held a hearing on April 14, 2022 [22]. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, the undersigned finds the Commissioner's decision is supported by substantial evidence and that said decision should be affirmed.

### Standard of Review

The Court's review of the Commissioner's final decision that Plaintiff was not disabled is limited to two inquiries: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the decision comports with relevant legal standards. *See* 42 U.S.C. § 405(g); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994). When substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). The Supreme Court has explained:

> The phrase "substantial evidence" is a "term of art" used throughout administrative law to describe how courts are to review agency factfinding. Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations. And whatever the meaning of "substantial" in other contexts, *the threshold for such evidentiary sufficiency is not high*. Substantial evidence . . . is more than a mere scintilla. It means—and means only—such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (emphasis added) (citations and internal quotations and brackets omitted).

Under the substantial evidence standard, "[t]he agency's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (citations and internal quotations omitted). In applying the substantial evidence standard, the Court "may not re-weigh the evidence in the record, nor try the issues *de novo*, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision." *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *See Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988).

## Statement of the Case

Plaintiff protectively filed an application in the present matter on July 17, 2019, alleging his disability commenced on April 24, 2018. He was born on July 19, 1975, and was 42 years old. He was defined as a younger individual age 18-44, on the alleged disability onset date, but subsequently changed age category to a younger individual age 45-49. He has an eleventh-grade education.

The application was initially denied on November 12, 2019, and upon reconsideration on January 3, 2020. Plaintiff filed a timely request for a hearing. A telephonic hearing was held by ALJ Roger Lott. Plaintiff, his attorney, and Elizabeth Wheeler, impartial vocational expert, appeared at the hearing. The ALJ issued an Unfavorable Decision in this cause on December 29, 2020.

The ALJ evaluated Plaintiff's claims pursuant to the five-step sequential evaluation process. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date of April 24, 2018. At step two, the ALJ found that the Plaintiff had the following severe impairments: disorder of the feet, disorder of the lumbar spine, and major depressive disorder. At step three, the ALJ found that none of Plaintiff's impairments, either alone or in combination, met or equaled the criteria of an impairment at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listings). Further, the ALJ found that the Plaintiff's mental impairment did not cause at least two "marked" limitations or one "extreme" limitation, so the "paragraph B" criteria were not satisfied. The ALJ also found that the evidence failed to establish the presence of the "paragraph C" criteria.

The ALJ then assessed Plaintiff's RFC and found that:

> The claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can lift/carry and push/pull 20 pounds occasionally and 10 pounds frequently. He can stand/walk for 2 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday. He can never climb ladders, ropes, or scaffolds. He can occasionally climb ramps and stairs. He can occasionally balance, stoop, crouch, kneel, and crawl. He must avoid unprotected heights and hazardous moving machinery. He can understand, remember and carry out simple instructions and perform simple routine tasks. He can sustain attention and concentration and persistence on task for 2-hour periods throughout an 8-hour workday with normal breaks. He can occasionally interact with supervisors and coworkers but never with the general public. He can adapt to simple infrequent, and gradually introduced changes.

At step four, the ALJ found that the Plaintiff is unable to perform any past relevant work. Plaintiff had past relevant work as a laborer (DOT 922.687-058) and as a construction worker (DOT 869.664-014). The ALJ found that transferability of job skills was not material to the determination of disability. At step five, the ALJ found that Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy.

Notably, Plaintiff had additional limitations that would prevent him from performing the full range of sedentary work pursuant to his RFC. Nonetheless, the vocational expert testified that given all of the relevant factors, the Plaintiff would be able to perform the requirements of several unskilled, sedentary jobs, including address clerk, DOT#209.587-010, unskilled work (SVP-2) performed at a sedentary exertional level, with 53,180 jobs in the national economy; document preparer, DOT#249.587-018, unskilled work (SVP-2) performed at a sedentary exertional level, with 29,298 jobs in the national economy; and assembler, DOT#734.687-018, unskilled work (SVP-2) performed at a sedentary exertional level. Accordingly, the ALJ found Plaintiff not disabled and denied his applications for DIB and SSI.

The Appeals Council issued an Order dated February 2, 2021, which affirmed the ALJ's Unfavorable Decision, thereby making it the decision of the Commissioner and the Social Security Administration.

**Discussion**

The Plaintiff raises several issues on appeal. However, the undersigned finds that the relevant issue is whether the ALJ's finding of Plaintiff's RFC was supported by substantial evidence. For the reasons explained in greater detail below, the Court finds that the ALJ's decision was supported by substantial evidence and should be affirmed.

The RFC assessment is based on "all of the relevant medical and other evidence" (20 C.F.R. § 416.945(a)(3)), including, but not limited to, medical history, medical signs, and laboratory findings; the effects of treatment; and reports of daily activities, lay evidence, recorded observations, medical source statements, and work evaluations. SSR 96-8p, 1996 SSR LEXIS 5, at *13-14. The ALJ has the authority and duty to weigh the evidence and reach any conclusion supported by substantial evidence. *Gonzales v. Astrue*, 231 F. App'x 322, 324 (5th Cir. 2007),

4

citing *Holman v. Massanari,* 275 F.3d 43 (5th Cir. 2001). "Remand is only appropriate 'where there is no indication the ALJ applied the correct standard." *Id.* (citation omitted). The burden is on the party claiming error to demonstrate not only that an error is present, but also that it affected her "substantial rights." *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009).

### A.    Physical RFC Finding

Plaintiff challenges the ALJ's RFC assessment and claims that he could not perform even the restrictive RFC of sedentary work. *See* Pl.'s Br. at 5. In support of his argument, Plaintiff claims that the evidence from "credible treating sources indicate that [he] was incapable of standing 2 hours in an 8-hour workday" and that Plaintiff would have problems with even occasional balance. *See* Pl.'s Br. at 5. However, Plaintiff fails to prove these assertions with any objective medical findings or cite to any specific medical evidence refuting the ALJ's determination. *See* Pl.'s Br. at 5.

Plaintiff's podiatrist Jared Spicer, DPM, indicated on July 6, 2018, Plaintiff would be weight bearing with a walker for two more weeks and wrote a letter indicating that Plaintiff could return to work on July 17, 2018 (Doc. 11, pp. 419, 446). On August 23, 2018, Plaintiff underwent a physical consultative examination with James Adams, M.D., (Doc. 11, p. 430). Although Plaintiff presented to the consultative examination with 2 crutches and claimed that he could not stand or walk without them, Dr. Adams noted that "this was all staged behavior" (Doc. 11, p. 430). Further, Dr. Adams ordered a lumbar spine x-ray that revealed no abnormalities and was unremarkable (Doc. 11, pp. 429, 437)

On November 29, 2018, Podiatrist Spicer wrote a letter indicated that Plaintiff underwent right foot surgery in April 2018 for an acute issue and that Plaintiff experiences bilateral foot pain, not associated with his previous surgery (Doc 11, p. 439). He noted that the foot pain would prevent

5

Plaintiff from standing for short or prolonged period, but it would not limit him working a desk job or sedentary position. Further, on January 3, 2020, Plaintiff's physical examination with Carey Craig Williams was completely normal with normal right and left extremities (Doc. 11, p. 471). Plaintiff returned on May 5, 2020, for debridement. Then, on August 12, 2020, Plaintiff again presented to North Mississippi Foot Specialists, P.C. and requested a prescription for a walker. The medical note states, "no symptoms, denies problems today." (Doc. 11, p. 476). Plaintiff's meloxicam was refilled, and a walker was "given to patient." (Doc. 11, p. 476).

Considering the record as a whole, the undersigned does not find merit in Plaintiff's assignment of error as to the ALJ's physical RFC finding.

### B. Mental RFC Finding

As the ALJ noted, Plaintiff had minimal treatment for any mental complaints and the record contained only one mental health record from July 2020 in which a Plaintiff complained of drowsiness, but also noted that his sleep and motivation had improved (Doc. 11, pp. 29, 481).

On August 14, 2018, Plaintiff underwent a psychological consultative examination with licensed clinical psychologist Pamela Buck, Ph.D. (Doc. 11, p. 423). Dr. Buck diagnosed Plaintiff with moderate, provisional Major Depressive Disorder, but simultaneously noted that Plaintiff was exaggerating his symptoms (Doc. 11, p. 426). Dr. Buck found his responses to be "suspect regarding report of hallucinations of ghosts, his mind suddenly not working properly, and inability to drive, be around others, or do math at times." (Doc. 11, p. 426). For example, "He was able to discuss silicon dust at his former job, but could not subtract 6 from 9 when asked." (Doc. 11, p. 426). The ALJ considered Dr. Buck's opinion and found it to be partially persuasive. Specifically, the ALJ accepted Dr. Buck's finding that Plaintiff could understand, remember and carry out instructions, but noted that Dr. Buck's opinion regarding social limitations was unsupported by

Dr. Buck's own examination, thereby making it inconsistent.

In formulating Plaintiff's mental RFC, the ALJ also considered the prior administrative findings of Dr. Angela Herzog, Ph.D., dated August 16, 2018. Having reviewed the evidence, the undersigned does not find that the ALJ erred in the mental RFC assigned to the Plaintiff.

## Conclusion

For the reasons stated above, the undersigned finds that substantial evidence supports the Commissioner's findings, and that the Commissioner's decision should be and is hereby affirmed.

**SO ORDERED** this, the 19th day of April, 2022.

/s/ Jane M. Virden
United States Magistrate Judge